UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

      Plaintiff,

  v.                                CAUSE NO. 3:22-CV-429-DRL-MGG

LIVERS *et al.*,

      Defendants.

OPINION AND ORDER

Alfred W. Comer, Jr., a prisoner without a lawyer, filed a motion for preliminary injunction. Although Mr. Comer did not file a complaint, the court will construe the allegations contained within the motion as constituting one, and the clerk will be directed to separately docket a copy of the motion (ECF 1) as a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Comer asserts he has been diagnosed with a neurogenic bladder and needs treatment from an off-site doctor because he has been denied treatment at Westville Correctional Facility for a serious infection. ECF 1 at 3. He has submitted a medical record

documenting his neurogenic bladder diagnosis, and an April 28, 2022 urine culture report indicating he had an infection at that time. ECF 1-1 at 1-2.

On May 20, 2022, Mr. Comer was transferred from Indiana State Prison (ISP) to Westville. ECF 1 at 1. During the medical intake process at Westville, his personal property was searched, and his medical supplies were confiscated and given to Westville's medical provider. *Id*. His medical supplies included a three-week supply of self-catheters and lubricating jelly, as well as some antibiotics. *Id*. at 1-2. Provider Williams performed the medical intake and told Mr. Comer he could pick up his medical supplies from the med-room. *Id*. at 2.

On May 21, 2022 around 7:30 a.m., Mr. Comer stopped by the med-room and Nurse Brady told him she did not know anything about his medical supplies. *Id*. However, Nurse Brady told him she would look into the situation. *Id*. At about 10:00 a.m., Mr. Comer returned to the med-room where Nurse Brady told him to come back the next day because she did not have time that day to check on his supplies. *Id*.

On May 22, 2022, Mr. Comer returned to the med-room to find out if his antibiotics and lubricating jelly were there. *Id*. When he arrived at the med-room, Nurse Brady told him she would need to check on his supplies. *Id*. at 3. Because he had not been able to obtain his supplies for two days, by this point, Mr. Comer had already submitted five healthcare request forms, but he had not received a response from Provider Williams. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need

was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010).

Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

To the extent Mr. Comer claims Nurse Brady was deliberately indifferent to his medical needs on May 21, 2022 and May 22, 2022, because she did not know anything about his medical supplies and she did not have time to check on his supplies, he has not stated an Eighth Amendment claim against her. Nurse Brady's actions, at most, indicate she may have been negligent in performing her duties because she did not follow-up with Mr. Comer about his medical supplies. Additionally, to the extent Mr. Comer asserts that Provider Williams was deliberately indifferent to his medical needs on May 22, 2022, because Provider Williams did not respond to his healthcare requests, without more facts, the court cannot conclude that Provider Williams's actions amounted to anything more than negligence. He has not stated claims against either Nurse Brady or Provider Williams.

Mr. Comer next asserts that on the morning of May 23, 2022, he asked Nurse Reed about his antibiotics and lubricating jelly, and she told him she would check on them. ECF 1 at 3. At about 10:00 a.m., Mr. Comer went to the med-room, but Provider Rodgers and Nurse Reed were not there. *Id*. At this point, he decided to submit a healthcare request form to Medical Director Dorothy Livers. *Id*. Captain Yancy made copies of his medical records and emailed them to the medical unit that same day. *Id*. at 4. However, Captain Yancy told Mr. Comer there was nothing more he could do to help him. *Id*. Mr. Comer subsequently submitted three additional healthcare requests, but he never received a response. *Id*.

4

To the extent Mr. Comer asserts that Nurse Reed was deliberately indifferent to his medical needs on May 23, 2022, because she told Mr. Comer she needed to check on his antibiotics and lubricating jelly and she was not available when he returned to the med-room, her actions may constitute negligence, but they do not amount to deliberate indifference. To the extent Mr. Comer asserts Medical Director Livers was deliberately indifferent to his medical needs because she did not respond to his healthcare request, without more facts, the court cannot conclude that Medical Director Livers's actions amounted to a constitutional violation. Furthermore, Mr. Comer has not stated claims against Provider Rodgers and Captain Yancy as their actions do not constitute deliberate indifference and he has not named them as defendants in this case.

On May 24, 2022, Mr. Comer asserts that Nurse Cleardy told him she would check on his medical supplies, but she did not do so. ECF 1 at 4. He also spoke to Lt. Bradford and Officers Nash and Woods about his situation, but no one would help him get his antibiotics. *Id*. at 5. Mr. Comer has not stated a claim against Nurse Cleardy because he has not alleged facts that show her actions amounted to anything more than negligence. He has also not pleaded facts that show the actions of Lt. Bradford or Officers Nash and Woods constitute deliberate indifference, and he has not named them as defendants in this case.

Mr. Comer has also sued the Medical Supply Clerk. However, he cannot proceed on his claim against the Medical Supply Clerk because as a practical matter, his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court;

5

this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

As a final matter, Mr. Comer has filed a motion for preliminary injunction. ECF 1. However, because he has not stated a claim, the motion will be denied.

Though Mr. Comer has not stated a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Mr. Comer prepares his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES Alfred W. Comer, Jr.'s motion for preliminary injunction (ECF 1);

(2) DIRECTS the clerk to separately docket a copy of the motion for preliminary injunction (ECF 1) and label it as a complaint;

(3) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Alfred W. Comer, Jr.;

(4) GRANTS Alfred W. Comer, Jr. until **July 14, 2022**, to file an amended complaint on that form; and

(5) CAUTIONS Alfred W. Comer, Jr. that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

June 14, 2022                                       *s/ Damon R. Leichty*
                                                    Judge, United States District Court