UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

    Plaintiff,

  v.           CAUSE NO. 3:22-CV-429-DRL-MGG

LIVERS *et al.*,

    Defendants.

OPINION AND ORDER

On June 1, 2022, Alfred W. Comer, Jr., a prisoner without a lawyer, filed a motion for preliminary injunction. ECF 1. Although Mr. Comer did not file a complaint at that time, the court construed the allegations contained within the motion as constituting one and directed the clerk to separately docket a copy of the motion as a complaint. ECF 6. The court then screened the complaint and determined it did not state a claim. ECF 5. Though Mr. Comer had not stated a claim, the court gave him an opportunity to file an amended complaint. *Id.* at 6. The court sent Mr. Comer the appropriate form, Pro Se 14 (INND Rev. 2/20) Prisoner Complaint, and granted him until July 14, 2022 to file an amended complaint. *Id.*

Mr. Comer has now filed two motions requesting an extension of time to file an amended complaint because he did not exhaust his administrative remedies before filing this case. ECF 9, 10. In this regard, he asserts he has completed the first step of the prison's grievance process but needs additional time to complete the second step. *Id.* Mr. Comer states the prison has experienced delays in processing grievances due to the COVID-19

pandemic and staff shortages. *Id.* Therefore, he requests an additional 90 days to complete both the grievance process and file an amended complaint. *Id.*

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original). Here, Mr. Comer has acknowledged he did not exhaust his administrative remedies before filing suit.

For these reasons, the court:

(1) DENIES Alfred W. Comer, Jr.'s motions to extend the deadline to file an amended complaint (ECF 9, ECF 10); and

(2) DISMISSES this case WITHOUT PREJUDICE because it was filed before Plaintiff Alfred W. Comer, Jr. exhausted his administrative remedies.

SO ORDERED.

August 8, 2022                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court